799 F.2d 751
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
United States of America, Appellee
v.
Evans Onyewuchi Ibe, Appellant.
 No. 86-5029.
 United States Court of Appeals, Fourth Circuit.
 Argued July 18, 1986.
Decided Sept. 3, 1986.
 
 Before HALL and SPROUSE, Circuit Judges, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM.
 
 
 1
 Robert W. Kernan for Appellant; Michael G. Middleton, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney on brief) for Appellee.
 
 PER CURIAM:
 
 2
 Evans Onyewuchi Ibe appeals from his conviction for wire fraud and aiding and abetting an embezzlement in violation of 18 U.S.C. Sec. 1343 (1982) and 18 U.S.C. Secs. 2, 656 (1982). Because we find no merit in any of his contentions, we affirm.
 
 
 3
 On April 25, 1983, between the hours of 11:00 a.m. and 1:00 p.m., two men entered the Hamilton Branch of the Union Trust Company in Baltimore, Maryland. They approached the branch manager, Keith Dukes, and inquired about a $3,000 wire transfer. After one of the men presented the correct identification, Dukes directed him to the bank teller who was holding the funds. The man collected the funds from the teller and left the bank with his companion. Bank officials later discovered that the wire transfer had been fraudulently contrived and was unauthorized.
 
 
 4
 Dukes described both men to FBI agents on June 10, 1983. On November 23, 1984, an FBI agent showed Dukes five photographs of black males. Dukes selected Ibe's photograph as the man who had presented the identification and received the funds. On March 5, 1985, Dukes identified the second man in the bank from another array of photographs. A federal grand jury indicted Ibe and the woman who allegedly made the unauthorized wire transfer, Katrina Parker, on April 18, 1985. Ibe was convicted by a jury on November 26, 1985.
 
 
 5
 Ibe's principal contention on appeal is that the admission of evidence concerning Dukes' pretrial photographic identification violated the due process clause of the fifth amendment to the federal Constitution. See Stovall v. Denno, 388 U.S. 293 (1967). He argues that the identification was unreliable because of unnecessarily suggestive procedures and the lapse of nineteen months between the crime and the photographic identification. At a pretrial suppression hearing, the district court considered the factors for assessing reliability which are set out in Neil v. Biggers, 409 U.S. 188, 199 (1972), and held that under the totality of the circumstances the photographic identification was reliable. We agree with the district court that although nineteen months elapsed between the crime and Dukes' photographic identification, there was, under all the circumstances of this case, "no substantial likelihood of misidentification." Neil, 409 U.S. at 201.
 
 
 6
 Ibe also asserts that the district court erred in excluding evidence concerning Dukes' identification of the second man in the bank. The district court held that the proffered evidence was irrelevant, and we cannot say that this ruling was an abuse of discretion. See United States v. MacDonald, 688 F.2d 224, 227-28 (4th Cir. 1982), cert. denied, 459 U.S. 1103 (1983). We similarly find no merit in Ibe's contention that the district court erred in denying his motion to employ an investigator at government expense to locate potential alibi witnesses. See United States v. Canessa, 644 F.2d 61, 64 (1st Cir. 1981).
 
 
 7
 In view of the above, the district court's judgment is affirmed.
 
 
 8
 AFFIRMED.